———o———

5387.

(Court of Appeal, Parish of Orleans.)

## P. J. PATORNO vs JULIUS VILLIO.

1. It is of the essence of estoppel that the position first assumed by the person against whom the estoppel is pleaded should be wholly inconsistent with the position which he afterwards seeks to take.

2. When a note is given in settlement of a judgment there is no novation, so that the privilege granted by law to an attorney for his fee continues unimpaired and, by a natural consequence, attaches to the note which merely represents such judgment and not a new debt.

3. Under the Bankrupt Act of 1898, the bankruptcy proceedings affect only such incumbrances as the debtor himself has placed upon his

property within four months prior thereto and those created by judicial process within that time, but not such liens and privileges as are granted by law independently of any act of either debtor or creditor. On the contrary the bankruptcy act distinctly recognizes and preserves all such privileges.

4. Under the Bankruptcy Act the trustee is vested with title to such property only as the bankrupt himself might have transferred, or as might have been seized and sold under judicial process against him; hence such trustee takes title to the property of the bankrupt subject to all valid claims of third persons thereon, including the right to retain possession of the property where such possession is lawful and necessary for the enforcement of such claim.

Appeal from the Civil District Court, Division "C."

Patorno & Smart, for plaintiff and appellant.

Robt. O'Conner, for defendant and appellee.

Dart, Kernan & Dart, attorneys.

ST. PAUL, J.—Plaintiff sues on a promissory note for $137.05 drawn by the defendant to the order of plaintiff as "attorney."

The consideration of said note was as follows; plaintiff was attorney for one Badalamenti and secured a judgment in favor of said Badalamenti and against the defendant, Villio, for the sum of $250.00 and costs; his fee was to be one half the amount recovered.

This judgment was compromised for fifty cents on the dollar and costs; and pursuant to said compromise defendant gave to Patorno the note herein sued on, satisfaction of judgment to be entered when same was paid.

Thereafter Badalamenti was forced into bankruptcy, and the parties by whom the proceedings were inaugurated filed a schedule of assets which included this note; and thereafter Badalamenti himself filed a schedule of

assets which did not include this note, Patorno being his attorney in the filing thereof.

According to the testimony the reason why said note was not included in the schedule of assets filed by Patorno as attorney for Badalamenti, was that Patorno considered the note as due to himself alone and as representing his own half of the judgment and the costs advanced by him.

But we may say as well at this point that such is not our understanding of the compromise. The note was given to Patorno as attorney and in compromise of the whole judgment which was not to be satisfied until the note was paid. Thus the note represented and stood in place of the judgment for which it was given; so that we are of opinion that Patorno's interest in the note was only one half, the other half inuring to the benefit of Badalamenti, or his estate.

Thereafter the defendant, Villio, voluntarily paid the full amount of said note to the Trustee in bankruptcy without the note having been produced.

It may be added that no demand was ever made upon Patorno for the note, nor effort whatsoever made to obtain possession thereof by the trustee. Nor does it appear that Patorno was ever notified of defendant's intention to pay the amount of said note to the trustee, or of his having done so. And the note never was in the possession of the trustee but remained at all times in the possession of Patorno. Hence this controversy.

The first question which arises is whether Patorno by filing a schedule on behalf of Badalamenti has estopped himself from now claiming any interest in the note sued upon.

As we have said, this note was not included in that schedule, for the reason that Patorno claimed to be alone

interested therein. Hence it is clear that Patorno is not estopped.

For it is of the essence of estoppel that the position first assumed by the person against whom the estoppel is pleaded should be wholly inconsistent with the position which he afterwards seeks to hold, and since Patorno has at no time admitted that the note was the property of the bankrupt, there is no inconsistency whatsoever in his now claiming to be himself the owner thereof. Hence there is no estoppel.

The next question which arises is, had Patorno any rights in or upon the note of which the bankruptcy proceedings could not deprive him?

We think he had a lien upon this note for his fees as attorney in procuring the judgment; of which the bankruptcy proceedings could not deprive him.

For novation is not to be presumed, and it is well settled that the taking of a note does not novate the debt for which it is given. Hence where a note is given in settlement of a judgment the privilege given by law to an attorney for his fees continue unimpaired, and by a natural consequence, attaches to the note, which merely represents such a judgment and not a new debt.

If this were not true we might with equal justice say that an attorney who takes a check or draft in settlement of a judgment loses his privilege from that moment; which would be absurd.

The case at bar is even stronger. That no novation was here intended is made evident by the fact that satisfaction of judgment was not to be entered until the note was paid.

Nor does it signify that the judgment was obtained and the privilege arose within four months of the bankruptcy. Plaintiff's lien upon the judgment and the note which stood for it was not an "incumbrance" placed thereon

by the debtor, nor was it "**created**" by any judicial process; but the law itself and neither the debtor nor the creditor, placed the incumbrance or lien thereon.

And under the bankruptcy act of 1896 the bankruptcy proceedings affect only such incumbrances as the debtor himself has placed upon his property within four months prior thereto, and those "created" by judicial process within that time; but not such liens and privileges as are given by law independently of any act of either debtor or creditor. On the contrary, the bankruptcy law distinctly recognizes and preserves all such privileges.

### See Sec. 64, par. "b," No. 3

Finally the question arises whether or not payment to the trustee of the bankrupt's estate discharged the note.

Now whilst it is undoubtedly true, as a general proposition, that payment to the true creditor **ipso facto** discharges the obligation, yet it is nevertheless equally true that whoever pays an obligation evidenced by a negotiable note, without requiring that it be produced, does so at his own proper risk and peril.

Hence the inquiry must be whether or not, in the case before us, the trustee was vested with the full title to the note herein sued upon.

It is contended that under the bankrupt law the trustee was vested with such a title immediately upon his appointment; but an examination of that act shows that this is not correct. For under that act the trustee is vested with title only to such property belonging to the bankrupt "which prior to the filing of the petition he could by any means have transferred or which might have been levied upon and sold under judicial process against him." See Sec. 70, par. "A" No. 3.

In other words the law undertakes to convey to the

trustee the same title and no better one than the bankrupt himself had.

But in as much as Patorno, at the time of the bankruptcy, was in lawful possession of the note herein sued upon with a valid claim against said note secured by privilege thereon, it follows that Badalamenti could not have transferred said note to his prejudice, and that it could not have been seized and sold to his prejudice under any judicial process against Badalamenti.

On the contrary, all that Badalamenti could then have transferred and all that could have been seized and sold under any judicial process against him, was his residuary interest in the note after the payment of Patorno's prior claim therein.

Hence **that** was all that the trustee took title to under the bankruptcy law. But Patorno was entitled to retain possession of the note until his claim was paid, and if need be to compel payment of the note by the drawer thereof

We think and we repeat, that under the bankrupt law the trustee is vested with title to such property only as the bankrupt himself might have transferred, or as might have been seized and sold under judicial process against him; hence such trustee takes title to the property subject to all valid claim of third persons thereon, including the right to retain possession of the property where such possession is lawful and necessary for the enforcement of such claim.

We therefore think that to the extent that Badalamenti had an interest in said note the payment to the trustee was a valid payment and discharged the debt, but that to the extent of Patorno's interest thereon such payment was without effect.

And accordingly there must be judgment in favor of plaintiff to that extent.

The evidence shows that the costs included in the note were all paid by plaintiff, say $12.05, and that he was entitled to one half the balance, say $62.50. Plaintiff must therefore have judgment for $74.55 with legal interest from the date of maturity of the note.

It is therefore ordered, adjudged and decreed that the judgment appealed from be reversed, and it is now ordered that there be judgment in favor of the plaintiff, Philip J. Patorno, and against the defendant, Julius Villio, for the full sum of seventy-four 55/100 dollars with legal interest from May 27th, 1909 and costs of both Courts.

January 9, 1912.

Rehearing refused, March 4, 1912.